UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                    Case No. 8:14-bk-01676-KRM
                                          Chapter 7

Valentin V. Stelmach and
Oksana V. Stelmach,
        Debtors.
_____/

**UNITED STATES TRUSTEE'S
MOTION FOR EXAMINATION OF THE SERVICES
RENDERED BY, AND DISGORGEMENT OF THE FEES PAID
TO TIMOTHY M. GROGAN, AS ATTORNEY FOR THE DEBTOR**

COMES NOW, Guy G. Gebhardt, the Acting United States Trustee for Region

21, by and through his undersigned Trial Attorney, and moves this Honorable Court for

an examination of the legal services provided by Timothy M. Grogan, as counsel for the

Debtors, and for examination and disgorgement of the fees paid to counsel for the

Debtors, pursuant to 11 U.S.C. §§ 329 and 526, and Fed. R. Bankr. P. 2017.  In support

thereof, the United States Trustee asserts the following:

*Jurisdiction, Venue, and Standing*

1.      This is a contested matter pursuant to Fed. R. Bankr. P. 2017.  This Court

has jurisdiction pursuant to 28 U.S.C. §§157(b)(2)(A and O) and 1334. This is a core

proceeding and venue is proper.

1

### *Background*

2.      Timothy M. Grogan is a debt relief agency as defined by 11 U.S.C. § 101(12A) and the Debtors are assisted persons as defined by 11 U.S.C. § 101(3).

3.      Approximately two (2) years prior to February 17, 2014 (the "Petition Date"), the Debtors retained the professional legal services of Mr. Grogan for consultation regarding bankruptcy relief and preparation of a petition in bankruptcy.

4.      Mr. Grogan has represented the Debtor-husband, Valentin Stelmach, in two prior bankruptcies filed under chapter 13 of the Bankruptcy Code in 2011.  Both cases were dismissed.  Case number 8:11-bk-04722-CED was dismissed because the Debtor failed to file Schedules, Statements, a Chapter 13 Plan, and pay the filing fee.  (Doc. No. 12).  Case number 8:11-bk-06901-CED was dismissed because the Debtor and his attorney failed to attend the meeting of creditors and provide required documentation.  (Doc. Nos. 27 and 33).

5.      Mr. Grogan prepared the Debtors' voluntary petition which the Debtors reviewed and executed under penalty of perjury, and filed it with the Bankruptcy Court on February 17, 2014.

6.      Mr. Grogan's Disclosure of Compensation reflects that he received $1,400 in compensation of fees plus the filing fee, all of which was paid pre-petition in the instant case.

7.      Mr. Grogan's Disclosure of Compensation reflects that he received $500 in compensation of fees out of the $3,850 requested in the first Chapter 13 case, number 8:11-bk-04722-CED.  (Doc. No. 1)

8.      Mr. Grogan's Disclosure of Compensation reflects that he received $500 in compensation of fees out of the $3,850 requested in the second Chapter 13 case, number 8:11-bk-06901-CED.  (Doc. No. 1)

9.      The United States Trustee appointed Andrea P. Bauman to serve as Chapter 7 Trustee.

10.     The Debtors and Mr. Grogan attended the initial meeting of creditors on March 20, 2014; however, Trustee Bauman was unable to conduct a reasonable inquiry of the Debtors' Schedule and Statements because these documents had been prepared approximately two years prior to the Petition Date.

11.     At the initial meeting of creditors, the Debtors testified that the real property declared on Schedule A and located at 3738 Old Keystone Road, Tarpon Springs, Florida had been transferred to a third party approximately two years prior to the Petition Date.  On the Statement of Financial Affairs, the Debtors declared no transfers within the two years prior to the Petition Date.

12.     The Debtors testified that they currently hold and have held an ownership interest in real property located at 4136 Woodfield Avenue, Holiday, Florida for at least six (6) years.  The Debtors are receiving rental income in the amount of $760.  There is a mortgage on the property.  The Debtors failed to disclose this property on Schedule A. The Debtors failed to disclose the secured debt on Schedule D.  The Debtors failed to disclose the rental income and expenses on Schedule I and J.

13.     Schedule I states that the Debtor-husband is employed by Landstar as a broker.  The Debtor-husband testified that he currently works for a construction company, which is owned solely by the Debtors.  The Debtor-husband testified that he ceased working for Landstar approximately one and half years to two years ago.

14.     During the initial meeting of creditors the Debtors' attorney, Mr. Grogan, stated that the Debtors met with him approximately two years prior and had again decided to file bankruptcy for the third time.

15.     Trustee Bauman continued the meeting of creditors to April 10, 2014, to allow the Debtors time to amend their Schedules and Statements.

16.     On April 7, 2014, Mr. Grogan filed on  behalf of the Debtors amended Schedules and Statement of Financial Affairs, which the court struck on April 8, due to Mr. Grogan's failure to comply with Fed. R. Bankr. P. 1009-1.  (Doc. No. 15).

17.     On April 9, 2014, Mr. Grogan again filed on behalf of the Debtors amended Schedules and Statement of Financial Affairs, which the court struck on April 10, due to Mr. Grogan's failure to comply with Fed. R. Bankr. P. 1009-1.  (Doc. No. 19).

18.     The Debtors and Mr. Grogan failed to attend the meeting of creditors scheduled on April 10, 2014.  Mr. Grogan failed to contact Trustee Bauman regarding their non-appearance.

19.     Trustee Bauman continued the meeting of creditors to June 5, 2014; however, the Debtors and Mr. Grogan failed to appear.  Mr. Grogan again failed to contact Trustee Bauman regarding their non-appearance.

20.     The meeting of creditors has been rescheduled to June 26, 2014.

21.     Mr. Grogan failed to file amended Schedules and Statement of Financial Affairs in accordance with the Court's orders.

22.     Trustee Bauman has been unable to examine the Debtors regarding their current financial condition.  This has caused an unnecessary burden, increase in costs, and delay in the administration of this bankruptcy case.

### Argument for Sanctions under § 329(b)

23.     The United States Trustee moves for a determination of the reasonableness of the fees and expenses charged by Timothy M. Grogan.

24.     Upon the foregoing, the total amounts charged and collected to date are unreasonable.

25.     All fees and charges should be disgorged to Trustee Bauman.

26.     Mr. Grogan failed to conduct a reasonable inquiry into the factual allegations surrounding his clients' sworn declaration with regards to the Debtors' Schedules and Statement of Financial Affairs in this, the Debtors' third bankruptcy filing.

27.     Mr. Grogan knew or should have known that the Debtors' sworn statements on their Schedules and Statements were misleading, incomplete, inaccurate, insufficient, and/or untruthful.

28.     Mr. Grogan failed to conduct a reasonable inquiry into the factual assertions surrounding his own certification as an officer of this Honorable Court with regards to the Debtors' Schedules and Statement of Financial Affairs.

29.     Mr. Grogan did not require his clients, the Debtors, to conduct a reasonable review of the Schedules and Statements prior to executing them under penalties of perjury.

30.     Mr. Grogan's actions and/or omissions have unnecessarily burdened and delayed the Debtors' bankruptcy case and in a manner inconsistent with the interests and objectives of his clients, the Debtors.

31.     Mr. Grogan failed to comply with his statutory obligations under the Bankruptcy Code and Rules.  11 U.S.C. §§ 526, 527, 528, and 707(b)(4).

32.     Mr. Grogan's actions and/or omissions have needlessly increased the costs associated with the Debtors' bankruptcy case.

33.     Mr. Grogan's actions and/or omissions have jeopardized his clients' objectives in this bankruptcy case.

### *Sanctions under § 526(c)*

34.     Section 526(a) provides that Mr. Grogan shall not make any statement, or counsel or advise any assisted person or prospective assisted person to make a statement in a document filed in a case or proceeding under this title, that is untrue or misleading, or that upon the exercise of reasonable care, should have been known by such agency to be untrue or misleading.

35.     Section 526(c)(2)(A) provides that Mr. Grogan shall be liable to the Debtors in the amount of any fees or charges in connection with providing bankruptcy assistance to the Debtors, together with actual damages, and reasonable attorneys' fees and costs if Mr. Grogan is found to have intentionally or negligently failed to comply

with any provision of §§ 526, 527, or 528 with respect to a bankruptcy case or proceeding.

36.     Section 526(c)(2)(A) provides that Mr. Grogan shall be liable to the Debtors in the amount of any fees or charges in connection with providing bankruptcy assistance to the Debtors, together with actual damages, and reasonable attorneys' fees and costs if Mr. Grogan provided bankruptcy assistance to an assisted person in a case or proceeding under this title that is dismissed or converted to a case under another chapter of this title because of such agency's intentional or negligent failure to file any required document including those specified in § 521.

37.     Mr. Grogan negligently or intentionally filed the Debtors' Petition, Schedules, or Statements when Mr. Grogan knew or should have known it presented misleading, untrue, and false statements because the information contained in the documents was provided to Mr. Grogan almost two years prior to the Petition Date.

38.     Mr. Grogan negligently or intentionally advised the Debtors to execute the Petition, Schedules and Statement, under penalties of perjury, when both Mr. Grogan and the Debtors knew the documents contained misleading or untrue statements.

39.     Mr. Grogan filed the Petition with this Honorable Court.

40.     Mr. Grogan failed to exercise reasonable care.

41.     Mr. Grogan intentionally violated §§ 526, 527, or 528.

42.     Mr. Grogan negligently violated §§ 526, 527, or 528.

**Relief Requested**

43.     The United States Trustee is moving under §§ 329 and 526.

44.     Mr. Grogan received $1,400 in fees for this Chapter 7 case, $500 in fees for the two Chapter 13 cases, and a $285 filing fee in the second Chapter 13 case that was unwarranted because Mr. Grogan should have sought reconsideration of the dismissal and reinstatement of the initial Chapter 13 case.

45.     In accordance with § 329(b), all fees and charges should be disgorged to Trustee Bauman.

46.     In accordance with § 526(c), an amount equal to all fees and charges paid by the Debtors should be refunded to the Debtors.

WHEREFORE, the United States Trustee, respectfully prays that this Honorable Court enter an order granting the motion for examination, disgorging all fees and expenses from Debtors' Counsel unto the Chapter 7 Trustee for the benefit of the creditors or refunding all fees to the Debtors, and grant such other and further relief that the Court may deem appropriate.

Respectfully submitted,

GUY G. GEBHARDT
Acting United States Trustee,
Region 21

by: /s/ Nicole Peair
Nicole Peair (La. Bar. No. 33477)
Trial Attorney
Office of the United States Trustee
501 E. Polk Street, Suite 1200
Tampa, Florida 33602
(813) 228-2000/ fax: (813) 228-2303
nicole.w.peair@usdoj.gov

**CERTIFICATE OF SERVICE**

I do HEREBY CERTIFY that a true and correct copy of the foregoing pleading has been served electronically or by United States mail, postage prepaid, to the following on June 18, 2014:

Valentin &  Oksana Stelmach
3738 Old Keystone Road
Tarpon Springs, FL 34688

CM/ECF Service:    Timothy M. Grogan, Debtors' Counsel, at tgroganlaw@gmail.com.
Andrea P Bauman, Chapter 7 Trustee

*/s/ Nicole Peair*
Trial Attorney

9